**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

EFRAIN NICHOLAS CIRINEO, #41549-054,

    Petitioner,

v.                                      Civil Action No. 2:06CV279

VANESSA ADAMS, Warden,
FCC Petersburg,

    Respondent.

### UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Efrain Nicholas Cirineo ("Cirineo"), is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Complex ("FCC") in Petersburg, Virginia. Cirineo was convicted in the U.S. District Court for the Southern

---

[1] By the Order entered August 24, 2006, the Court exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases to apply these rules to this § 2241 petition.

District of New York, for possession with intent to distribute 50 grams or more of cocaine base ("crack"), for which he received a sentence of 292 months imprisonment. His sentence was imposed on February 5, 2002.

Cirineo challenges the accuracy of the calculation of his good conduct time ("GCT") credits as computed by the BOP. He filed the instant petition pursuant to 28 U.S.C. § 2241, alleging that the BOP's method of calculating GCT is unlawful and in violation of 18 U.S.C. § 3624, and asks this Court to compel the BOP to recalculate his GCT credits.

On May 22, 2006, while in custody at FCC Petersburg, Cirineo filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Original Petition").[2] On August 4, 2006, Cirineo filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Amended Petition").[3] The Court's Order of August 24, 2006

---

[2] The Original Petition appears to have been executed on May 2, 2006, was received and filed by the United States District Court for the Eastern District of Virginia, Richmond Division, on May 11, 2006, and was conditionally filed with this Court on May 22, 2006, as it was not accompanied by the required $5.00 filing fee or a request to proceed in forma pauperis and it was set forth on an incorrect form. By this Court's order entered June 29, 2006, Cirineo was ordered to remit the required $5.00 filing fee or demonstrate that he lacked the ability to pay that fee, and he was ordered to refile his petition using the proper form.

[3] The Amended Petition appears to have been executed on July 19, 2006, was received and filed by the United States District Court for the Eastern District of Virginia, Richmond Division, on July 27, 2006, and was filed by this Court's order entered August 4, 2006.

ordered Respondent to answer the petition within sixty (60) days. That order also directed Cirineo to file a response, if desired, to Respondent's answer within twenty-one (21) days.  On October 19, 2006, Respondent filed Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus ("Respondent's Answer").  The Court received no response to Respondent's Answer from Cirineo.

### B. **Grounds Alleged**

Cirineo now asserts that he is entitled to relief under 28 U.S.C. § 2241 because the BOP has used an incorrect interpretation of 18 U.S.C. § 3624 in its computation of GCT credits. Specifically, Cirineo asserts that he has been deprived of GCT credits under the BOP's current practice of awarding GCT credits for each year served under the sentence, as opposed to receiving GCT credits for each year based on the length of the sentence imposed, based on substantially the following grounds:

> (a) The statute on which the BOP relies in computing GCT credits, 18 U.S.C. § 3624(b), unambiguously mandates that the BOP award him "up to 54 days [of GCT credits] at the end of each [year] of the prisoner's term of imprisonment," which should result in an award of 54 days of GCT for each year based on the length of the sentence imposed.  The BOP's method of assigning GCT credits for each year of actual time served under the sentence results in Petitioner receiving only 47 days of GCT credits for each year of the sentence imposed.
>
> (b) Even if the statute is ambiguous as to the proper calculation of GCT credits, any such ambiguities should be construed in his favor and against Respondent under the rule of

lenities.

Original Petition, at 3, 10.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Computation of GCT Credits by the BOP

The BOP is delegated the authority to compute GCT credits pursuant to 18 U.S.C. § 3624, which states, in relevant part:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of <u>up to 54 days at the end of each year of the prisoner's term of imprisonment</u>, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations . . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (emphasis added). In other words, this statute provides that a prisoner may earn up to 54 days of GCT credits at the end of each year of good behavior, but the operative question raised here is the meaning of the phrase "term of imprisonment." Under the BOP's interpretation, "term of imprisonment" refers to the actual time served under the sentence, such that the prisoner is eligible to receive up to 54 days of GCT credits for each year actually served under the sentence. This is to be compared and contrasted with Cirineo's proposed interpretation, in which he argues that "term of imprisonment"

4

refers to the prisoner's eligibility to earn 54 days of GCT credits for each year of the sentence imposed. Thus, Cirineo argues that the phrase "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) means sentence imposed rather than time served.

### B. Statutory Interpretation Under Fourth Circuit Precedent

The Court is guided by the Fourth Circuit's recent precedent in which it addressed the precise issues raised in Cirineo's petition. In Yi v. Federal Bureau of Prisons, et al., 412 F.3d 526 (4th Cir. 2005), the Fourth Circuit found the phrase "term of imprisonment," as used in the foregoing statute for the computation of GCT-credits eligibility, to be ambiguous. Id. at 533. The Fourth Circuit next consulted the statute's legislative history, which the court found did not satisfactorily resolve the ambiguity. Id. at 533-34. Then the Fourth Circuit, citing Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 843-44 (1984) ("[the court] may not substitute [our] own construction of [the] statutory provision for a reasonable interpretation made by the [BOP]"), sought to determine "whether the BOP's interpretation of the statute was reasonable and therefore entitled to deference." Id. at 534. The Fourth Circuit "conclude[d] that the BOP has reasonably interpreted the statute so as to require the calculation of GCT [credits] based on the inmate's [actual] time

5

served."[4]  Id.

Accordingly, this Court FINDS that the BOP has reasonably interpreted and correctly applied the applicable statute in calculating Cirineo's GCT credits. For that reason, the Court recommends that Cirineo's Amended Petition be DENIED.

The Fourth Circuit in Yi has also addressed and rejected Cirineo's additional claim, that even if the governing statute is ambiguous, any such ambiguities should be construed in his favor and against Respondent. Id. at 535. In particular, Cirineo asserts that the phrase "term of imprisonment" is used inconsistently throughout various portions of the criminal code, including in the very statute at issue, and that in each instance it has been held to be synonymous with "sentence imposed." Original Petition, at 9. To that end, Cirineo seeks to invoke the "rule of lenity"[5] in arguing that because the phrase "term of

---

[4] In so doing, the Fourth Circuit noted that the BOP's procedure for awarding an inmate with 54 days of GCT credits "for each 365 days of good behavior is consistent with Congress' mandate that the BOP reward a prisoner 'at the end of each year' for good behavior demonstrated 'during that year,'" id. citing 18 U.S.C. § 3624(b)(1), and that such a procedure "reflects 'a clear congressional directive that the BOP look retroactively at a prisoner's conduct over the prior year, which makes it reasonable for the BOP only to award GCT [credits] for [actual] time served,'" id. (citing Perez-Olivo v. Chavez, 394 F.3d 45, 53 (1st Cir. 2005)).

[5] "The rule of lenity holds that 'where there is ambiguity in a criminal statute, doubts are [to be] resolved in favor of the defendant.'" Yi, 412 F.3d at 535 (citing United States v. Bass, 404 U.S. 336, 348 (1971)).

6

imprisonment" has been used to mean "sentence" in some portion of the United States Code, that phrase cannot also be used to mean "time served" in another portion of the Code. Id. at 9-10.

The Fourth Circuit has decided that it is unnecessary to resort to the rule of lenity in a circumstance like the instant one for two reasons.[6] Id. First, the Fourth Circuit noted that the BOP has provided the public with sufficient notice of its interpretation of the statute, any ambiguity notwithstanding, and its intent to apply it in the manner described supra. Id. Second, the court determined that under Chevron, supra, it was obligated to defer to the BOP's reasonable interpretation of the statute "rather than apply a presumption of lenity to resolve the ambiguity." Id.

For these same reasons, this Court declines to apply the rule of lenity in the instant case, and therefore recommends that Cirineo's petition for a writ of habeas corpus be DENIED.

### III. RECOMMENDATION

For the foregoing reasons, the Court, having found that the BOP reasonably interpreted the statute in awarding GCT credits based on the actual time served as opposed to the length of

---

[6]The Fourth Circuit did "acknowledge the strong presumption that identical terms used in the same sentence of a statute carry the same meaning." Yi, 412 F.3d at 533, citing Brown v. Gardner, 513 U.S. 115 (1994). The court also recognized, however, that such a presumption is flexible in cases like the instant case where it can be reasonably concluded that such terms "were employed in different parts of the [statute] with different intent." Id. (quoting General Dynamics Land Sys., Inc. v. Cline, 540 U.S. 581, 595 (2004)).

7

sentence imposed, recommends that Cirineo's petition for a writ of habeas corpus be DENIED and DISMISSED WITH PREJUDICE.

Cirineo has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely

objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

Entered on April 12, 2007

>                    /s/
>     F. Bradford Stillman
>     United States Magistrate Judge

**Clerk's Mailing Certificate**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Efrain Nicholas Cirineo, #41549-054
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804
PRO SE

Lawrence R. Leonard, Esq.
Managing Assistant United States Attorney
Unites States Attorney's Office
World Trade Center
101 W. Main St.
Suite 8000
Norfolk, VA 23510

                                        Fernando Galindo,
                                        Acting Clerk of Court

                        By: _____
                                        Deputy Clerk
                                        April    , 2007